**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE | ) | |
| FOR STRUCTURED ASSET SECURITIES | ) | |
| CORPORATION MORTGAGE PASS- | ) | |
| THROUGH CERTIFICATES, SERIES 2007-BC1, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12 C 4797 |
| | ) | Hon. Marvin E. Aspen |
| v. | ) | |
| | ) | |
| MICHAEL MORGAN, and JPMORGAN CHASE, | ) | |
| BANK, N.A., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Presently before us is Plaintiff's motion for summary judgment in this mortgage

foreclosure action.  For the reasons set forth below, we grant the motion.  We also grant

Plaintiff's motion for appointment of a Special Commissioner.

**BACKGROUND**[1]

On approximately November 9, 2006, BNC Mortgage, Inc. ("BNC") lent Defendant

Michael Morgan $270,000.  Morgan executed a Note in favor of BNC, promising to make

monthly payments to repay the debt.  Morgan also executed a Mortgage, granting BNC a

---

[1] Unless otherwise noted, the facts described herein are undisputed and culled from
Plaintiff's Local Rule 56.1 statements of fact and exhibits.  In his opposition, Morgan did not
respond to Plaintiff's initial statements of fact in the manner specified by Rule 56.1.  L.R.
56.1(b) (requiring a concise response to each fact asserted by the moving party, with references
to the record and any additional facts).  Nor did he respond at all to the amended statements of
fact we allowed Plaintiff to file.  (*See* Dkt. Nos. 26, 28.)  Accordingly, the pertinent facts are
deemed admitted.  Morgan also declined to offer any additional facts or evidence.  Morgan
previously challenged the affidavit of debt submitted by Plaintiff, a dispute we shall address
briefly.

security interest for the Note in real property located in Chicago, Illinois ("Property"). That Mortgage was recorded with the Cook County Recorder of Deeds on December 11, 2006. Morgan agreed that, in the event of his breach, BNC could require immediate payment of the debt and could foreclose on the Property. (Mortgage ¶ 22 (Dkt. No. 28-2).)

Pursuant to the Mortgage, BNC designated Mortgage Electronic Registration Systems Inc. ("MERS") as its nominee and granted MERS numerous rights, including the rights to foreclose and sell the Property. (Mortgage at 1, 3.) On May 16, 2012, MERS executed an Assignment of the Mortgage from MERS to Plaintiff Wells Fargo Bank, National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-BC1. (Assignment (Dkt. No. 28-3).) Morgan does not dispute these facts, nor does he contest his default on the loan beginning in December 2011.

In his response to Plaintiff's original Rule 56.1 statements of fact, Morgan argued that the affidavit of debt prepared by Denise V. Lundquist and submitted by Plaintiff was deficient and failed to comply with the business records exception. (Resp. ¶¶ 9–18.) While not all of Morgan's concerns appeared valid, he rightly pointed out that the affidavit was not signed or notarized. We therefore struck the affidavit and granted Plaintiff time to submit an amended statement of facts. (*See* 6/11/13 Min. Order (Dkt. No. 26).) Plaintiff filed an amended statement, along with an amended affidavit from Lundquist on June 13, 2013 ("Lundquist Affidavit"). (Dkt. No. 28.) Although we allowed Morgan the opportunity to respond to Plaintiff's amended Rule 56.1 statements of fact and the Lundquist Affidavit, he neglected to do so. Morgan thus admitted each of Plaintiff's amended statements of fact, including the facts

describing the outstanding debt.  Despite his failure to object to the amended statements of fact,
we shall briefly address his earlier argument that the Lundquist Affidavit constitutes
inadmissible hearsay.

## STANDARD OF REVIEW

Summary judgment is proper only when "there is no genuine dispute as to any material
fact and the movant is entitled to judgment as a matter of law."  Fed R. Civ. P. 56(a).  A genuine
issue for trial exists when "the evidence is such that a reasonable jury could return a verdict for
the nonmoving party."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505,
2510 (1986).  This standard places the initial burden on the moving party to identify those
portions of the record that "it believes demonstrate the absence of a genuine issue of material
fact."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (internal
quotations omitted).  Once the moving party meets this burden of production, the nonmoving
party "must go beyond the pleadings" and identify portions of the record demonstrating that a
material fact is genuinely disputed.  *Id.*; Fed. R. Civ. P. 56©.  In deciding whether summary
judgment is appropriate, we must accept the nonmoving party's evidence as true, and draw all
reasonable inferences in that party's favor.  *See Anderson*, 477 U.S. at 255.

## ANALYSIS

"To recover on a promissory note under Illinois law, a plaintiff must show that (1) a
defendant executed the promissory note; (2) the plaintiff is the holder of the note; and (3) the
defendant has no viable defense."  *Land O'Lakes Purina Feed, LLC v. WelkCo, LLC*, No. 10 C
981, 2011 WL 1465621, at *2 (S.D. Ill. Apr. 18, 2011).  Morgan admits that he executed the

Note and that Plaintiff is the holder of the Note. He has not asserted any affirmative defenses.[2]

Morgan challenges only the sufficiency of the affidavit submitted by Plaintiff as proof of his

indebtedness.

Federal Rule of Evidence 803(6) provides that business records created under certain

circumstances are not excluded as hearsay.

> "To qualify as a business record under Rule 803(6), (1) the document must be
> prepared in the normal course of business; (2) it must be made at or near the time of
> the events it records; and (3) it must be based on the personal knowledge of the
> entrant or on the personal knowledge of an informant having a business duty to
> transmit the information to the entrant."

*U.S. Bank, N.A. v. Ramos*, No. 11 C 2899, 2013 WL 1498996, at *6 (N.D. Ill. Apr. 11, 2013)

(internal quotation omitted); *see Thanongsinh v. Board of Educ.*, 462 F.3d 762, 775–79 (7th Cir.

2006). If these conditions are established through the testimony of a qualified witness, the

records are then admissible so long as "neither the source of information nor the method or

circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6)(E).

In her affidavit, Lundquist states that she is employed by Ocwen Loan Servicing, LLC

("Ocwen") as a contract management coordinator and is familiar with its record-keeping

practices. (Lundquist Aff. ¶¶ 1–3.) Lundquist states that Ocwen is responsible for servicing

Morgan's mortgage. (*Id.* ¶ 4.) According to Lundquist, Ocwen's records include both electronic

data compilations and imaged documents for each loan it services. (*Id.* ¶ 2.) Based on her

---

[2] In his answer to the complaint, Morgan denies certain allegations and "demands strict proof thereof." (Ans. ¶¶ 8, 10 (d), 10(j), 10(l), 10(n).) This language has no legal effect. *See, e.g., Donnelly v. Frank Shirey Cadillac, Inc.*, No. 05 C 3520, 2005 WL 2445902, at *2 (N.D. Ill. Sept. 29, 2005); *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 278 (N.D. Ill. 2001); *Gilbert v. Johnston*, 127 F.R.D. 145, 146 (N.D. Ill. 1989). Morgan has not articulated any defenses either in his answer or in response to the summary judgment motion.

training and experience, Lundquist testifies that such servicing records "were made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected" and, moreover, "are kept in the ordinary course of the business activity regularly conducted by Ocwen." (*Id.* ¶ 3.)

With her affidavit, Lundquist attached a computer-generated print-out of the history of Morgan's loan from December 2011 through July 2012. Based on her review of that servicing record, Lundquist states that Morgan owed a total of $283,90.10 as of July 16, 2012, including principal, escrow, late charges, interest, and other expenses. (*Id.* ¶ 5.) She declares that the statements in her affidavit are true and correct, under penalty of perjury. (*Id.* at 3.) The affidavit is signed and dated by Lundquist, and is notarized. (*Id.*)

Having reviewed the Lundquist Affidavit, we conclude that it satisfies the requirements of the business records exception. Lundquist states that the records submitted with her affidavit are the type regularly prepared and maintained by Ocwen in the ordinary course of its business servicing loans. She states that the information contained in the records was input at or near the time of the loan activity by person with knowledge thereof. Contrary to Morgan's contention, "to qualify as a business record under the Rule 803(6) exception, the witness need not have created the records about which she is testifying." *Ramos*, 2013 WL 1498996, at *7; *Thanongsinh*, 462 F.3d at 777 (explaining that the testifying records custodian need not be the person who actually gathered or input the information, so long as he or she is familiar with the relevant record-keeping practices); *Pan-American Life Ins. Co. v. Invex Holdings, N.V.*, No. 96 C 4565, 1997 WL 55959, at *3–4 (N.D. Ill. Feb. 6, 1997). Lundquist's affidavit demonstrates that she has knowledge of Ocwen's record-keeping practices and reviewed information about

Morgan's loan.  Neither the affidavit, nor any of the information contained therein, "indicate a lack of trustworthiness" in Lundquist's assertions or Ocwen's records.  Fed. R. Evid. 803(6)(E). Under the circumstances, we may rely on the Lundquist Affidavit and Ocwen records for purposes of evaluating the summary judgment motion.

Turning to the merits of the pending motion, Plaintiff has proven that it owns the Mortgage and the Note concerning the Property.  Morgan does not deny his legal obligations or contest his default by failing to pay required sums beginning in December 2011.  Morgan asserts no defenses to foreclosure.  In short, we find no genuine dispute as to any material fact that would warrant a trial in this matter.  We therefore grant Plaintiff's summary judgment motion.

## CONCLUSION

For the reasons set forth above, we grant Plaintiff's motion for summary judgment.  We also grant Plaintiff's Motion to Appoint a Special Commissioner pursuant to Section 1507 of the Illinois Mortgage Foreclosure Law (Dkt. No. 20).  It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: July 12, 2013