# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-BC1, ) ) ) ) ) | |
| Plaintiff, ) ) ) | No. 12 C 4797 |
| v. ) ) | Judge Jorge L. Alonso |
| THE ESTATE OF MICHAEL MORGAN, AMY F. WILLIAMS-MORGAN, JORDAN M. MORGAN, JUSTIN E. MORGAN, JILLIAN R. MORGAN, and JPMORGAN CHASE BANK, N.A., ) ) ) ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff's motion for summary judgment. For the reasons explained below, the motion is granted.

## PROCEDURAL BACKGROUND

This is a mortgage foreclosure action relating to the property at 8815 South Dante Avenue in Chicago. Plaintiff, Wells Fargo Bank, N.A. ("Wells Fargo"), originally filed this suit against Michael Morgan and JPMorgan Chase Bank, N.A. ("JPMorgan"), another mortgage holder. Wells Fargo eventually moved for summary judgment. In response, Mr. Morgan admitted that (1) he executed the subject Note, in which he promised to make monthly payments on the subject $270,000 Mortgage, and (2) Wells Fargo is the holder of the Note. He did not assert any affirmative defenses, but challenged only the sufficiency of the affidavit submitted by Wells Fargo as proof of his indebtedness. In July 2013, Judge Aspen, the previously-assigned

judge, found that the affidavit was reliable and sufficient to demonstrate Mr. Morgan's indebtedness, and granted Wells Fargo's motion.

Later, Wells Fargo learned that Mr. Morgan died prior to the entry of judgment, so it moved to vacate the judgment, with a view to substitute Mr. Morgan's estate and/or heirs as defendants. Judge Aspen granted that motion, and the action was thereafter reassigned to this Court.

Wells Fargo filed a Second Amended Complaint that names as defendants JPMorgan, Mr. Morgan's estate, and Mr. Morgan's heirs—Amy F. Williams-Morgan, Jordan M. Morgan, Justin E. Morgan, and Jillian R. Morgan. Only Williams-Morgan has answered the complaint.[1] Williams-Morgan used this district's form "Answer to Complaint to Foreclose Mortgage" and checked the box that states: "I will consent to the foreclosure and will waive my rights of reinstatement and redemption. I understand that in return, Plaintiff is willing to waive any and all rights it may have to a deficiency judgment against me and against all other persons liable for the indebtedness or other obligations secured by the mortgage." (ECF No. 81.) At subsequent court hearings, Williams-Morgan confirmed her consent. Wells Fargo filed the instant motion for summary judgment against Williams-Morgan. She has not responded.

## DISCUSSION

**A.    Legal Standards**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must construe the evidence and all inferences that reasonably can be

---

[1]Plaintiff evidently intends to file a motion for default judgment as to the other defendants.

drawn therefrom in the light most favorable to the nonmoving party. *Kvapil v. Chippewa Cty.*, 752 F.3d 708, 712 (7th Cir. 2014); *McKinney v. Cadleway Props., Inc.*, 548 F.3d 496, 499-500 (7th Cir. 2008). A factual dispute is "genuine" only if a reasonable jury could find for either party. *Nichols v. Mich. City Plant Planning Dep't*, 755 F.3d 594, 599 (7th Cir. 2014).

Local Rule 56.1 requires the party moving for summary judgment to submit "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." L.R. 56.1(a)(3). It requires the party opposing the motion to respond to each fact asserted in the movant's statement and, in the case of any disagreement, include "specific references to the affidavits, parts of the record, and other supporting materials" upon which the opposing party relies. L.R. 56.1(b)(3)(B). If the nonmovant fails to follow the dictates of the Local Rule, she is deemed to have admitted the facts asserted by the movant. L.R. 56.1(b)(3)(C).

**B.    Analysis**

Foreclosure proceedings in Illinois are governed by the Illinois Mortgage Foreclosure Law, 735 ILCS 5/15–1501 *et seq*.[2] Under 735 ILCS 5/15-1504, a plaintiff seeking foreclosure must introduce evidence of the mortgage and promissory note, at which time the burden of proof shifts to the defendant to prove any affirmative defenses. *Bank of Am., N.A. v. Adeyiga*, 29 N.E.3d 60, 72-73 (Ill. App. Ct. 2014).

---

[2]This matter is before the Court pursuant to its diversity jurisdiction. *See* 28 U.S.C. § 1332. District courts exercising diversity jurisdiction must apply the choice-of-law rules of the forum state to determine what substantive law governs the case. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Illinois courts respect a choice-of-law clause where the contract is valid and the law chosen is not contrary to Illinois public policy. *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 705 (7th Cir. 2004). The Mortgage provides that it is governed by "federal law and the law of the jurisdiction in which the Property is located," (ECF No. 89-3 at 12), so the Court will apply Illinois law.

3

The detailed facts of this case are set out in Judge Aspen's Memorandum Opinion and Order of July 12, 2013. (ECF No. 32.) They are also set out in Wells Fargo's Local Rule 56.1 Statement and deemed admitted by Williams-Morgan through her failure to respond. *See Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). Accordingly, Wells Fargo has shown that Michael Morgan executed the Note and Mortgage, was thus contractually obligated to make monthly payments, and defaulted by failing to make those payments beginning on December 1, 2011. Wells Fargo has also shown that it is the holder of the Note and the assignee of the Mortgage. Therefore, there are no genuine issues of material fact with respect to any elements of Wells Fargo's foreclosure claim. Williams-Morgan has offered no evidence to the contrary and has not disputed or refuted plaintiff's calculations of the outstanding sums due on the loan.[3]

Because Wells Fargo has submitted uncontroverted evidence supporting all elements of its mortgage foreclosure claim, Wells Fargo is entitled to summary judgment and its requested judgment of foreclosure.

---

[3]According to Wells Fargo's Local Rule 56.1 Statement, the total amount due under the Note and Mortgage as of September 17, 2015 was $365,681.85, plus $810.00 in reasonable attorneys' fees and foreclosure costs.

## CONCLUSION

Plaintiff's motion for summary judgment against defendant Amy Williams-Morgan [87] is granted. A status hearing is set for August 11, 2016 at 9:30 a.m. to set a schedule for further proceedings on the remaining claims.

**SO ORDERED.**  ENTERED:  July 22, 2016

_____
**JORGE L. ALONSO**
**United States District Judge**